IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STACEY THOMAS                                                                                                PLAINTIFF

V.                                                        NO. 10-5131

MICHAEL ASTRUE,
Commissioner of the Social Security Administration                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Stacey Thomas, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his application for SSI on October 22, 2007, alleging an inability to work due to seizures since he was 16 years old, speech problems including stuttering, severe anxiety, poor memory, post traumatic stress disorder, and possible schizophrenia. (Tr. 114, 140). An administrative hearing was held on May 13, 2009, at which Plaintiff appeared with counsel, and he and his mother and a vocational expert (VE) testified. (Tr. 21-59).

By written decision dated November 10, 2009, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - seizure disorder and depression. (Tr. 67). However, after reviewing all of the evidence presented, he determined that Plaintiff's

impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4. (Tr. 67). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can have exposure to hazards, such as unprotected heights and heavy machinery. The claimant cannot drive. The claimant can perform unskilled work where interpersonal contact is incidental to the job performed, but can have no contact with the general public. The claimant can perform low stress work (defined as occasional decision making and occasional changes in work place settings).

(Tr. 69). With the help of a VE, the ALJ determined that Plaintiff was capable of performing past relevant work as a poultry vaccinator. (Tr. 72).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 4, 2010. (Tr. 103). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.   Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, individuals at Ozark Guidance, Inc. gave Plaintiff GAF scores of 40 on July 10, 2007; 35 on February 6, 2009; 33 on April 17, 2009 and 33 on April 27, 2009. Two of these scores (the April 2009 GAF scores of 33) were given by Theresa Farrow, M.D., who, unlike Donna Copeland, EdS, LPC/LMFT, and Nan Yarnelle, M.ED., LPC, is an acceptable medical source. 20 C.F.R. § 416.913(a). The ALJ may have been justified in giving little weight to the scores given by Donna Copeland and Nan Yarnelle, who are not acceptable

medical sources, but he failed to discuss the GAF scores of 33 given by Dr. Farrow.[1] Defendant argues that given the absence of "longitudinal treatment over time, these April 2009 records, even if accepted at face value, do not establish impairment-related functional limitations lasting or expected to last a duration of twelve months." (Doc. 9 at p. 7). The Court is not persuaded by Defendant's argument. Dr. Efird, the only individual who gave Plaintiff a GAF score of over 40, only saw Plaintiff one time on December 10, 2007. On the other hand, Plaintiff visited with individuals at Ozark Guidance, Inc. on numerous occasions, most recently in 2009, and gave Plaintiff a GAF score of 33 when he was reportedly in Early Full Remission. (Tr. 694, 696).

Based upon the foregoing, the Court believes this matter should be remanded to the ALJ in order for him to more fully address the GAF scores given by Dr. Farrow, and re-evaluate his RFC findings.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of August, 2011.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] A GAF score of 33 indicates that an individual suffers from "Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).